**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Jodi A. Schwendimann, f/k/a
Jodi A. Dalvey,

      Plaintiff,

  v.

Arkwright Advanced Coating, Inc.,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-820 ADM/JSM

Arkwright Advanced Coating, Inc.,

      Counterclaim Plaintiff,

  v.

Jodi A. Schwendimann, f/k/a
Jodi A. Dalvey, and
Cooler Concepts, Inc.,

      Counterclaim Defendants.

---

David A. Davenport, Esq., and Brent A. Lorentz, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Jodi A. Schwendimann and Cooler Concepts, Inc.

Kurt J. Niederluecke, Esq., and Laura L. Myers, Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Arkwright Advanced Coating, Inc.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant and Counterclaim Plaintiff Arkwright Advanced Coating, Inc.'s ("AACI") Motion for Certification for Interlocutory Appeal and Stay [Docket No. 118]. AACI requests that the Court amend its March 19, 2012 and August 10, 2012 Orders [Docket Nos. 87 and 115] by certifying each Order for interlocutory appeal to the Federal Circuit. AACI also seeks to stay the case until the Federal

Circuit enters a decision on AACI's petition or appeal. Plaintiff and Counterclaim Defendant Jodi A. Schwendimann ("Schwendimann") opposes the Motion. For the reasons set forth below, AACI's Motion is granted.

## II. BACKGROUND

The facts underlying this Motion are recited in the Court's March 19, 2012 and August 10, 2012 Memorandum Opinions and Orders (respectively, the "March Order" and "August Order") and are incorporated by reference. Accordingly, only an abridged version of the relevant facts is provided here.

In this patent infringement case, Schwendimann alleges AACI has infringed U.S. Patent Nos. RE41,623, 7,749,581, 7,754,042, 7,766,475, 7,771,554, and 7,824,748 (collectively, the "Patents-in-Suit"). Compl. [Docket No. 1] ¶¶ 31-46. The Patents-in-Suit all arise from U.S. Patent Application Serial No. 09/541,845 (the "'845 Application"). See Compl. Exs. A, C, D, E, F, G. Schwendimann asserts the '845 Application was assigned to her by her former employer, Advanced Coating Technologies, Inc. ("ACT").

The document assigning the '845 Application is a hand-altered photocopy (the "Photocopy Assignment") of an earlier assignment transferring rights in a different patent application (the "'983 Application") from ACT to Schwendimann. March Order at 6. The alteration on the Photocopy Assignment was made by Schwendimann's counsel, who also served as counsel for ACT. Id. at 3-4, 6. Counsel altered the document by crossing out the "matter" portion of the "client-matter" number counsel associated with the assignment of the '983 Application, and replacing it with the "matter" number associated with the '845 Application assignment. Id. at 6. The Photocopy Assignment was then faxed to the United States Patent and

Trademark Office (the "USPTO") with a cover sheet identifying it as an assignment of the '845 Application from ACT to Schwendimann.  Id.

AACI brought a motion to dismiss for lack of standing, arguing Schwendimann did not own the Patents-in-Suit at the time she filed this action.  See Mot. to Dismiss [Docket No. 47]. AACI alleged the Patents-in-Suit had not been validly assigned because there was no writing to satisfy 35 U.S.C. § 261[1] and no valid agreement to assign.  Id. at 9.  Simultaneous to AACI's motion to dismiss, Schwendimann moved for partial summary judgment on the issue of standing, arguing the Photocopy Assignment validly assigned rights in the '845 Application to her.  See Mot. for Summ. J. [Docket No. 51].

In the March Order, the Court held the Photocopy Assignment was a valid writing and that the irregularities in the Photocopy Assignment did not preclude a finding that the document was a written instrument under 35 U.S.C § 261.  March Order at 10-12.  The Court further reasoned that the Photocopy Assignment satisfied the ordinary meaning of an "instrument in writing," which is defined as an intentional reduction to written form.  Id. at 12.  The Photograph Assignment was in tangible form, and the hand-written alterations suggested it was an intentional reduction.  Id. at 12-13.  The issue of whether the Photocopy Assignment memorialized a valid agreement to assign was deferred based on the inadequate state of the record at that time.  Id. at 13-17.

Thereafter, the parties submitted additional briefing and oral argument on the issue of whether the Photocopy Assignment memorialized a valid agreement between ACT and Schwendimann to assign rights in the '845 Patent Application.  In the August Order, the Court,

---

[1] Section 261 provides in pertinent part:  "Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing."  35 U.S.C. § 261.

applying Minnesota contract law, held the Photocopy Assignment memorialized such an agreement. August Order at 7-13. Additionally, the Court held that although the Photocopy Assignment, on its face, conveyed rights in the '983 Application, not the '845 Application, Schwendimann had shown she was entitled to reformation under Minnesota law. Id. at 14-17. The Court reasoned that the only reasonable inference to be drawn from the evidence was that the Photocopy Assignment "was created in a hurried attempt to reduce something to writing on the last day possible to record a written assignment. Indeed, the Photocopy Assignment on its face refers to the '845 Application and Schwendimann, albeit with client and matter numbers that would not be readily discernible to a stranger." Id. at 16. Accordingly, the Photocopy Assignment was reformed to assign ACT's interests in the '845 Application to Schwendimann. Id. at 17.

AACI now moves to amend the March and August Orders so it may seek an interlocutory appeal under 28 U.S.C. § 1292(b). AACI asks the Court to certify the following question to the Federal Circuit:[2]

> Can a photocopy of a prior, unrelated assignment satisfy the writing requirement of 35 U.S.C. § 261 for a different patent application and be reformed under state law to provide standing when the photocopy does not show a clear and unmistakable intent to assign the patents-in-suit?

Mot. for Certification at 1-2.

---

[2] The Federal Circuit has exclusive jurisdiction over an interlocutory appeal of a civil actions arising under an Act of Congress relating to patents. 28 U.S.C. §§ 1292(c)(1), 1295(a)(1).

## III. DISCUSSION

### A. Certification Under 28 U.S.C. § 1292(b)

Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, the statute "establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (internal quotation marks omitted).

#### 1. Controlling Question of Law

A controlling question of law is a legal question and not "a matter for the discretion of the trial court." Id. "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).

AACI argues the March and August Orders present a controlling question of law because reversal of the Orders would leave Schwendimann without standing and, in turn, the Court without subject matter jurisdiction. Schwendimann contends the "controlling question of law" requirement is not met because AACI's proposed appeal requires a fact-laden analysis that would have no general relevance to other patent cases.

5

Whether the Photocopy Assignment validly assigned rights in the '845 Application determines whether Schwendimann has standing, because "[o]nly a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit . . . ." Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1367 (Fed. Cir. 2008). Standing is a legal question. Sky Techs. LLC v. SAP AG, 576 F.3d 1374, 1378 (Fed. Cir. 2009) ("An Article III standing challenge is a question of law, which this court reviews de novo."). Thus, AACI's proposed appeal presents a legal question.

Additionally, reversal of the March and August Orders would terminate Schwendimann's patent infringement suit, because this Court would have no subject matter jurisdiction over her claims if she lacks standing. See Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1364 (Fed. Cir. 2010) ("A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit."). Therefore, AACI's proposed appeal presents a controlling question of law.[3]

### 2. Substantial Ground for Difference of Opinion

Substantial ground for difference of opinion exists if there are "a sufficient number of conflicting and contradictory opinions," White, 43 F.3d at 378, or a dearth of authority exists on a particular issue, Gopher Oil Co. v. Union Oil Co., 757 F. Supp. 998, 1004 (D. Minn. 1991). AACI argues there is substantial ground for a difference of opinion on: (1) whether the writing requirement of 35 U.S.C. § 261 may be satisfied by a writing that does not on its face express a clear and unambiguous intent to assign; and (2) whether such a writing may be reformed under

---

[3] The fact-specific nature of the question AACI seeks to certify does not alter this conclusion. In reviewing an interlocutory appeal, the Federal Circuit's jurisdiction "applies to the order[s] certified to the court of appeals, and is not tied to the particular question formulated by the district court." Sky Techs., 576 F.3d at 1378-79 (quoting Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996)).

state law.  Schwendimann contends substantial ground for difference of opinion does not exist because:  (1) the holding that the Photocopy Assignment is an instrument in writing is consistent with the view held by other courts that the writing requirement should not be rigidly construed; and (2) the Court's application of Minnesota reformation law conforms with the well-established principle that an assignment of patent rights is interpreted under the contract laws of the state in which the assignment takes place.

Although believing its March and August decisions were correctly decided, the Court recognizes there is substantial ground for difference of opinion on whether the Photocopy Assignment suffices as an instrument in writing under 35 U.S.C. § 261.  On one hand, the statute does not define "instrument in writing," nor does it impose any requirements as to form or contents.  Indeed, the writing requirement is not defeated by good-faith errors or other irregularities in a document assigning patent rights.  See, e.g., Tri-Star Elecs. Int'l v. Preci-Dip Durtal SA, 619 F.3d 1364, 1367 (Fed. Cir. 2010) (holding patent rights had been validly assigned even though the corporate assignee listed on the written assignment did not exist at time of assignment); Speedplay, Inc. v. Behop, Inc., 211 F.3d 1245, 1250 (Fed. Cir. 2000) (finding standing existed despite a scrivenor's error in the license agreement referring to an "unrelated patent on unrelated technology issued and assigned to some unknown third parties"); LP Matthews LLC v. Bath & Body Works, Inc., 458 F. Supp. 2d 211, 215 (D. Del. 2006) (relying on affidavits of assigning parties to conclude plaintiff was intended assignee despite being improperly named on written assignment of patent rights).

On the other hand, some courts have stated that a written assignment of patent rights must show a clear and unambiguous intent to transfer.  See Flexiteek Americas, Inc. v. Plasteak,

Inc., 626 F. Supp. 2d 1251, 1256 (S.D. Fla. 2009) ("The writing must show a clear and unmistakable intent to transfer ownership."); Magnuson Indus., Inc. v. Co-Rect Prods., Inc., Civil No. 4-78-112, 1981 WL 48193, at *5 (D. Minn. Jan. 14, 1981), aff'd, 676 F.2d 703 (8th Cir. 1981) ("As a general rule, section 261 requires that a patent assignment must be in writing and that it must unambiguously express a clear intention to transfer a legal interest.").

Substantial ground for difference of opinion also exists as to whether reformation under Minnesota law was proper here. While Federal Circuit precedent exists for applying state law when interpreting the assignments of patent rights, see Tri-Star Elecs., 619 F.3d at 1367, the Federal Circuit has stated that "[u]sually, federal law is used to determine the validity and terms of an assignment," Sky Techs., 576 F.3d at 1379.

In addition to the uncertainty of whether state or federal reformation law applies, there is a dearth of authority on whether a patent assignment may be reformed if it is not clear from the document itself which patent rights the parties intended to assign. In cases where irregularities in patent assignments have been interpreted to reflect the intentions of the parties, those intentions were arguably ascertainable by reading the document as a whole. See Tri-Star Elecs., 619 F.3d at 1366-67 (affirming finding that patent rights had been validly assigned to California corporation where the assignment named an Ohio corporation that had merged with the California corporation before the assignment, and the assignment of rights was to the Ohio corporation and its "successors"); Speedplay, 211 F.3d at 1250-51 (affirming district court holding that assignment was valid despite reference to an unrelated patent because the patents intended to be assigned were defined elsewhere in the agreement). Here, the Photocopy Assignment identified the '845 Application only by referencing the client matter number counsel

associated with that Application. However, this reference would not be readily understood by a stranger and is not made clear by the document itself. Thus, the second prong for certification is met.

### 3. Materially Advance the Ultimate Termination of Litigation

Certification under § 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." White, 43 F.3d at 376 (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). Here, a decision by the Federal Circuit that Schwendimann lacks standing would dispose of her claims before the parties engage in protracted and expensive litigation. Relatively speaking, this patent case is in its early stages – the parties have not engaged in claim construction, fact discovery remains ongoing through April 30, 2013, and the November 4, 2013, trial ready date is more than a year away. Therefore, the third prong is satisfied.

### 4. Question for Certification

Although the criteria for certification have been met, the question AACI seeks to certify will be reworded to more fairly represent the facts and holdings in the March and August Orders. First, the description of the Photocopy Assignment as "a photocopy" will be modified to more accurately describe it as "a hand-altered photocopy." Second, the assertion that "the photocopy does not show a clear and unmistakable intent to assign the patents-in-suit" will be revised because it misstates the Court's holding. The Court held the Photocopy Assignment did show a clear intent to assign the '845 Application, but the intent would not be understood by a third party reading the document:

> [T]he Photocopy Assignment on its face refers to the '845 Application and Schwendimann, albeit with client and matter numbers that would not be readily discernible to a stranger. Therefore, the intent was clearly to reduce to writing the agreement . . . to assign the '845 Application. In fact, had the hand-written alterations not only altered the client and matter numbers but also altered the patent application numbers from '983 to '845, reformation would not be necessary.

August Order at 16-17. Thus, the question for certification will be changed to reflect this holding.

**B.     Stay**

AACI also requests that this action be stayed while the Federal Circuit considers AACI's interlocutory appeal. "The Court has the inherent power to stay an action to control its docket, conserve judicial resources, and provide a just determination of the case." Novo Nordisk, Inc. v. Paddock Labs., Inc., 797 F. Supp. 2d 926, 930 n.3 (D. Minn. 2011) (citing Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990)). In determining whether a stay is warranted, a district court considers "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete and whether a trial date has been set." Id. (citation omitted).

AACI argues Schwendimann will not be unduly prejudiced by a stay because she can be adequately compensated by monetary damages and a permanent injunction if she ultimately prevails in this action. Schwendimann responds she will be unduly prejudiced because a stay would allow AACI additional time to continue to infringe on her patents.

Schwendimann has not sought a preliminary injunction to enjoin AACI's alleged infringement while this action is pending, even though the anticipated trial date is still more than a year away. Instead, Schwendimann seeks money damages to compensate her for AACI's

alleged infringement. Any harm to Schwendimann resulting from AACI's continued infringement during the stay may similarly be compensated with money damages. Thus, a stay does not unduly prejudice Schwendimann.

The remaining considerations for granting a stay also weigh in favor of staying this case. A stay will simplify issues by avoiding potentially unnecessary litigation. Discovery will not be completed for another six months, and the case will not be trial ready for another year. Therefore, the circumstances favor a stay while the Federal Circuit considers AACI's appeal.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. AACI's Motion for Certification for Interlocutory Appeal and Stay [Docket No. 118] is **GRANTED**;

2. The Court's Memorandum Opinions and Orders dated March 19, 2012 [Docket No. 87] and August 10, 2012 [Docket No. 115] are **AMENDED** to certify the following question under 28 U.S.C. § 1292(b):

> Can a hand-altered photocopy of a prior, unrelated assignment satisfy the writing requirement of 35 U.S.C. § 261 for a different patent application and be reformed under state law to provide standing when a third party reading the hand-altered photocopy would be unable to discern which patent rights the parties intended to assign?

3. This case is **STAYED** until the Federal Circuit issues a decision on interlocutory appeal of the question above or denies AACI's petition for permission to appeal.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 2, 2012