# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a JODI DALVEY<br><br>Plaintiff,<br><br>v.<br><br>ARKWRIGHT ADVANCED COATING, INC.<br><br>Defendant.<br><br>ARKWRIGHT ADVANCED COATING, INC.<br>Counterclaim Plaintiff,<br><br>v.<br><br>JODI A. SCHWENDIMANN, f/k/a JODI DALVEY and COOLER CONCEPTS, INC.<br>Counterclaim Defendants. | Civil No. 11-820 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE** |

David A. Davenport, Devan V. Padmanabhan, and Michelle E. Dawson, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for Jodi A. Schwendimann and Cooler Concepts, Inc.

Katherine J. Rahlin, Kurt J. Niederluecke, and Laura L. Myers, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Arkwright Advanced Coating, Inc.

Plaintiff Jodi Schwendimann brought this action against Arkwright Advanced Coating, Inc. ("AACI"), alleging that it infringed on six of Schwendimann's patents. AACI brought a counterclaim against Schwendimann and her company, Cooler Concepts, alleging that they infringed on two of AACI's patents. All of the patents at

issue involve image-transfer sheets that can be used to transfer images onto a colored base, such as a T-Shirt, by applying heat.

The parties have completed discovery. The parties have brought motions in limine in advance of trial to resolve a number of evidentiary disputes. The Court issues this order to address the parties' motions in limine.

## BACKGROUND

### I. FACTUAL BACKGROUND

Schwendimann's companies, NuCoat and Cooler Concepts, manufacture and sell specialty paper products, including inkjet image transfer paper or sheets. Schwendimann alleges that AACI's 888 and 889 products infringe on six of Schwendimann's patents:

1. RE41,623 (the "'623 Patent")
2. 7,749,581 (the "'581 Patent")
3. 7,754,042 (the "'042 Patent")
4. 7,766,475 (the "'475 Patent")
5. 7,771,554 (the "'554 Patent")
6. 8,703,256 (the "'256 Patent")

Cooler Concepts licenses these patents to MJ Solutions, a company owned in part by Schwendimann. (Decl. of Kurt J. Niederluecke ("Niederluecke Decl.") ¶ 24, Sealed Ex. 23, Sept. 6, 2017, Docket No. 515.)

AACI also produces inkjet image transfer paper or sheets, including the accused 888 and 889 products. AACI alleges that Schwendimann's products infringe on two of AACI's patents:

1. 6,667,093 (the "'093 Patent")
2. 7,943,214 (the "'214 Patent")

## II. PROCEDURAL BACKGROUND

In 2008, Schwendimann brought an action against AACI's predecessor-in-interest, Océ (f.k.a. Arkwright, Inc.). *See* Complaint, Schwendimann v. Oce Imaging Supplies, Inc., Civil No. 08-162 (ADM/JSM) (D. Minn. January 16, 2008). During the pendency of that action, Océ sold its two patents to AACI and settled with Schwendimann. Schwendimann joined AACI as a party to the 2008 case in 2011 but voluntarily dismissed her action without prejudice a month later. The current case was filed in 2011.

On December 12, 2016, the Court issued an order for partial summary judgment with respect to a number of issues. (Mem. Op. and Order on Mots. for Summ. J. ("Summ. J.") at 38-39, Dec. 12, 2016, Docket No. 439.) Notably, the Court granted AACI's motion for partial summary judgment with regard to Schwendimann's infringement of AACI's '093 patent. (*Id.*) The Court also concluded that Schwendimann may argue her theory of lost profit damages at trial if she can establish that NuCoat and Cooler Concepts' profits "flow[] inexorably" to her. (*Id.* at 38.) However, the Court warned that the tax statuses of NuCoat and Cooler Concepts are insufficient to establish inexorable flow, and thus Schwendimann must present "contractual, structural, or historical evidence" showing that profits in fact flowed to her. (*Id.*)

# ANALYSIS

## I. SCHWENDIMANN'S MOTIONS IN LIMINE

### A. Non-Infringement Based Upon Own Patents (Schwendimann Motion #1)

Schwendimann moves under Fed. R. Evid. 402 to preclude AACI from presenting any theory of non-infringement based on its own patents. AACI does not intend to argue that its own patents give it an affirmative right to make or use products covered by its patents. Thus, the Court will grant Schwendimann's motion.

AACI intends to present its own patents as evidence that AACI's products do not melt below 220°C. The Court finds that the melting temperature of AACI's products, as illustrated by AACI's patents, is relevant to the issue of whether AACI's products infringe on Schwendimann's patents. Therefore, the Court's order does not prevent AACI from introducing its patents for purposes of showing that its products do not melt below 220°C. To reduce any prejudice that may result from the introduction of AACI's patents, Schwendimann is entitled to a limiting instruction that the existence of AACI's patents does not constitute a defense to infringement of Schwendimann's patents.

### B. The 888 Product's Layers (Schwendimann Motion #2)

Schwendimann moves under Fed. R. Evid. 402 to exclude AACI from presenting argument or testimony that AACI's 888 Product is a single layer. Whether the 888 Product is comprised of one or more layers is a central issue in this litigation and will be resolved through the presentation of evidence at trial. The Court will thus deny Schwendimann's motion.

### C. Schwendimann's Lost Profits (Schwendimann Motion #3)

Schwendimann moves to prevent AACI from (1) arguing that she is *per se* excluded from pursuing lost profit damages as a matter of law and (2) introducing particular evidence relevant to the issue of lost profits.

Both Schwendimann and AACI have brought motions relating to whether Schwendimann should be allowed to argue her theory of lost profit damages. In its summary judgment motion, the Court concluded that Schwendimann may pursue lost profit damages if "Schwendimann establishes that NuCoat and Cooler Concepts' profits flowed inexorably to her." (Summ. J. at 35-36.) The Court will grant Schwendimann's motion to the extent that it seeks to exclude AACI from arguing that Schwendimann is *per se* ineligible for lost profit damages as a matter of law.

The Court notes, however, that Schwendimann must present "contractual, structural, or historical evidence" showing that her companies' profits inexorably flow to her. Much of the evidence submitted to the Court thus far has related to the tax statuses of Schwendimann's companies, which the Court has previously found insufficient to establish inexorable flow. If Schwendimann fails to produce contractual, structural, or historical evidence at trial, her theory of lost profit damages will be subject to dismissal.

Schwendimann moves to exclude various pieces of evidence that AACI intends to introduce to show that her companies' profits do not inexorably flow to her. The Court finds that the evidence Schwendimann seeks to exclude is relevant to the issue of lost profit damages because it is contractual, structural, or historical evidence probative of whether her companies' profits flowed to her. Moreover, the Court is persuaded that

Schwendimann will have the opportunity to challenge this evidence through the presentation of other evidence and witnesses at trial. Thus, the Court will deny Schwendimann's motion to the extent that it seeks to exclude specific evidence related to lost profits.

### D. Date of Damages (Schwendimann Motion #4 and AACI Motion #4)

Both parties have brought motions related to the start date for calculating damages. The Court must decide whether the '311 Patent is substantially identical to the '623 Patent.

"An original patent cannot be infringed once a reissue patent has issued, for the original patent is surrendered." *Seattle Box Co. v. Indus. Crating & Packaging*, 731 F.2d 818, 827 (Fed. Cir. 1984). But the surrender of the original patent does not affect any cause of action pending or existing at the time of reissue if the reissued patent is "**substantially identical**" to the original patent. 35 U.S.C. § 252. "'Identical' does not mean verbatim." *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1361 (Fed. Cir. 1991). The scope of the claim must be identical; identical words need not be used. *Slimfold Mfg. Co., Inc. v. Kinkead Indus., Inc.*, 810 F.2d 1113, 1115 (Fed. Cir. 1987). For purposes of assessing whether the claims are substantially identical, the scope of the claim "cannot be interpreted in a vacuum and must be interpreted in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information." *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 742 (Fed. Cir. 1993) (citations omitted).

The '311 Patent was reissued as the '623 Patent on July 6, 2010. The Court finds that the original '311 Patent is not substantially identical to the '623 Patent. In the specification of the '311 Patent, Figure 5 showed the release layer comprised of one layer. In the '623 Patent, Figure 5 was changed to show the release layer comprised of two layers. At claim construction, the Court based its construction of "release layer" on Figure 5, stating that "the specification [of the '623 Patent] demonstrates compositional separation between the discrete parts that comprise the release layer." (Mem. Op. and Order ("Claim Construction") at 26-28, December 2, 2015, Docket No. 354.) The Court's claim construction order demonstrates that the scope of the claims in the '311 Patent and the '623 Patent are not substantially identical. *See Westvaco Corp*, 991 F.2d at 741-42.

The Court will deny Schwendimann's motion and conclude that Schwendimann is only entitled to argue for damages dating from July 6, 2010, the issue date of the '623 Patent.

**E. Summary Judgment Finding of Infringement (Schwendimann Motion #5)**

Schwendimann moves under Fed. R. Evid. 402 and 403 to exclude references to the Court's summary judgment finding that Schwendimann infringed on AACI's '093 Patent. The Court finds that the previous finding of infringement is relevant to the issue of whether Schwendimann willfully infringed on the '093 Patent. Thus, the Court will deny Schwendimann's motion.

Nevertheless, Schwendimann is entitled to a limiting instruction that the jury may not use the Court's finding of infringement on the '093 Patent in determining whether Schwendimann infringed on the '214 Patent.

### F. Anticipation of the '845 Application (Schwendimann Motion #6)

Schwendimann moves under Fed. R. Evid. 402 and 403 to exclude testimony or argument that the '845 Application fails to disclose polyurethane in two layers. The parties' respective arguments on this point are heavily fact based and the subject of conflicting expert testimony. In effect, Schwendimann's motion asks the Court to weigh the sufficiency of the evidence and find that the '845 Application anticipates AACI's patents. "[A] motion in limine is not the appropriate vehicle for weighing the sufficiency of the evidence" in a patent-infringement case. *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012). Thus, the Court will deny Schwendimann's motion.

### G. Willful Infringement by Schwendimann (Schwendimann Motion #7)

Schwendimann moves under Fed. R. Evid. 402 to preclude AACI from arguing that Schwendimann willfully infringed on AACI's patents. In effect, Schwendimann argues that there is insufficient evidence to support a finding of willful infringement. Again, "a motion in limine is not the appropriate vehicle for weighing the sufficiency of the evidence" in a patent-infringement case. *Id.* Thus, the Court will deny Schwendimann's motion.

### H. Schwendimann's Wealth and Social Status (Schwendimann Motion #8)

Schwendimann moves under Fed. R. Evid. 402 to exclude evidence regarding her wealth and social status. The Court finds that evidence of Schwendimann's wealth and social status is not relevant to this case. Thus, the Court will grant Schwendimann's motion.

At trial, the Court will permit the parties to argue that certain evidence of wealth or social status should be admitted as relevant to other issues in this case. The Court's order does not preclude the parties from introducing evidence relevant to the issue of lost profit damages.

## II. AACI'S MOTIONS IN LIMINE

### A. Schwendimann's Lost Profits

AACI moves to prevent Schwendimann from arguing that she is entitled to lost profit damages and to exclude certain testimony by Schwendimann's damages expert, Donald Gorowsky.

First, AACI argues that Schwendimann has failed to produce sufficient evidence to show that she is entitled to lost profit damages and thus should be prevented from arguing her theory of lost profit damages at trial. The Court has already addressed this issue and will accordingly deny AACI's motion to the extent that it seeks to prevent Schwendimann from arguing her theory of lost profit damages.

Second, AACI moves to exclude (1) Gorowsky's testimony about whether the profits from Schwendimann's companies inexorably flow to Schwendimann and (2) Gorowsky's 80% alternative damages theory. The Court concludes that Gorowsky's

testimony is relevant to the issue of damages and, therefore, the Court will deny AACI's motion. But the Court again warns Schwendimann that she must produce contractual, structural, historical evidence showing that her companies' profits inexorably flow to her lest she risk dismissal of her theory of lost profit damages.

### B. License Between Cooler Concepts and MJ Solutions (AACI Motion #2)

AACI moves under Fed. R. Evid 402 and 403 to exclude a patent license that Cooler Concepts granted to MJ Solutions in 2011. The Court finds that the license agreement between Cooler Concepts and MJ Solutions is relevant to determining a reasonable royalty. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). The Court concludes that the evidence is relevant even if the jury finds that Cooler Concepts and MJ Solutions are "related parties." *Cf. Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365 (Fed. Cir. 2015) (concluding that it is within the district court's discretion to decide whether license agreements between related parties are relevant). Thus, the Court will deny AACI's motion.

### C. Settlement Agreement Between Schwendimann and Océ (AACI Motion #2)

AACI moves under Fed. R. Evid. 403 and 408 to exclude evidence of a settlement agreement between Schwendimann and Océ arising out of a previous patent-infringement claim. The Federal Circuit has concluded that the introduction of prior settlement agreements with third parties results in unfair prejudice. *See LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012). Contrary to Schwendimann's assertion, the Court does not find that the settlement agreement is the most reliable

license in the record.  *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010).  Thus, the Court will grant AACI's motion.

### D. Outcome of Arbitration between AACI and MJ Solutions (AACI Motion #3)

AACI moves under Fed. R. Evid. 402 and 403 to exclude evidence of the arbitration proceedings between AACI and MJ Solutions.  Gorowsky relies on the arbitrator's findings to suggest that there are only three competitors in the dark T-Shirt transfer paper market.  (Niederluecke Decl. ¶ 4, Ex. 3 at 5.)  The Court finds that the arbitrator's findings are relevant to the issue of whether there are acceptable non-infringing substitutes.  *See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).  The Court finds that AACI can remedy any risk of prejudice through cross-examination of Gorowsky.  Thus, the Court will deny AACI's motion.

### E. Schwendimann's Affirmative Defenses (AACI Motion #5)

AACI moves to exclude argument about four possible affirmative defenses that Schwendimann and Cooler Concepts may raise at trial: (1) laches, (2) estoppel, (3) unclean hands, and (4) intervening rights.  Schwendimann states that she will not argue affirmative defenses of laches or intervening rights at trial.  The Court will also preclude Schwendimann from arguing affirmative defenses of unclean hands and estoppel.  If Schwendimann is able to produce sufficient evidence supporting her affirmative defenses of unclean hands and estoppel, the Court will consider allowing Schwendimann to argue these defenses at trial.  Thus, the Court will grant AACI's motion.

**F. Prior Art (AACI's Motion #6)**

AACI moves to exclude evidence of the '845 Application and the '475 Patent for purposes of showing prior art.

The '845 Application was filed on April 3, 2011, and resulted in the '311 Patent. The priority date of the '093 Patent is April 19, 2011. The Court, therefore, concludes that the '845 Application is relevant to showing prior art pursuant to 35 U.S.C. § 102(e)(2).

The '475 Patent resulted from the '562 Application, which is a continuation in a long line of patent applications. (Aff. of David A. Davenport ¶ 13, Ex. 12 at 42, Sept. 15, 2017, Docket No. 581.) "An applicant is entitled to claim the benefit of the filing date of the parent application for continuation and divisional applications only to the extent that the parent application discloses the subject matter claimed in the subsequent application." *Kothmann Enters., Inc. v. Trinity Indus., Inc.*, 455 F. Supp. 2d 608, 638 (S.D. Tex. 2006). The Court concludes that, from April 3, 2000, to the '562 Application, the patent applications disclosed the subject matter at issue here.

Thus, the Court will deny AACI's motion.

**G. Invalidity of the '214 Patent and Doctrine of Equivalents (AACI's Motion #7)**

AACI moves to exclude evidence and argument that the '214 Patent is invalid. In effect, AACI seeks dismissal of Schwendimann's invalidity defense by arguing that there is insufficient evidence to support this defense. "[A] motion in limine is not the appropriate vehicle for weighing the sufficiency of the evidence" in a patent-infringement

case. *Meyer Intellectual Props. Ltd.*, 690 F.3d at 1378. Thus, the Court will deny AACI's motion.

### H. Testimony of Jodi Schwendimann and Nabil Nasser (AACI's Motion #8)

AACI moves to exclude expert testimony from Jodi Schwendimann and Nabil Nasser. The Court cannot rule on this motion without first hearing the testimony of Schwendimann and Nasser. The Court will defer its ruling on this motion, but notes that neither party will be permitted to offer testimony from undisclosed experts.

### I. Testimony About Expert Reports of Risen and McClane (AACI's Motion #8)

AACI moves to exclude testimony from Donald Gorowsky about the expert reports of William Risen and Patrick McClane. Risen and McClane were experts during the MJ Solutions and AACI arbitration and are not appearing in this case. The Court concludes that testimony from Gorowsky about the contents of the expert reports of Risen and McClane is impermissible hearsay. *See Kirk v. Raymark Indus. Inc.*, 61 F.3d 147, 163-64 (3d Cir. 1995). Thus, the Court will grant AACI's motion.

### J. Testimony About Third-Party Infringement (AACI's Motion #9)

AACI moves to preclude Schwendimann from presenting evidence that other competitors infringe on her patents. Whether competitors infringe on Schwendimann's products is relevant to whether there is an absence of acceptable non-infringing substitutes. *See Panduit Corp.*, 575 F.2d at 1156. In effect, AACI argues that there is insufficient evidence to support Schwendimann's allegations that her competitors are also infringing on her patents. "[A] motion in limine is not the appropriate vehicle for

weighing the sufficiency of the evidence" in a patent-infringement case. *Meyer Intellectual Props. Ltd.,* 690 F.3d at 1378. Thus, the Court will deny AACI's motion.

### K. AACI's Parent Companies (AACI's Motion #10)

AACI moves under Fed. R. Evid. 402 and 403 to exclude evidence and argument regarding The Sihl Group, Diatec Holdings, and The Sihl Group's acquisition by Equistone. The Court finds that this evidence is relevant to providing the jury a complete understanding of the history of this litigation and the relationship between the parties. Thus, the Court will deny AACI's motion.

### L. Alleged Copying by AACI (AACI's Motion #11)

AACI moves under Fed. R. Evid. 402 and 403 to exclude Schwendimann from arguing or introducing evidence that AACI copied her products. Whether AACI copied Schwendimann's products is relevant to the issue of willful infringement. In effect, AACI argues that there is insufficient evidence to support Schwendimann's allegations that AACI copied Schwendimann's products. "[A] motion in limine is not the appropriate vehicle for weighing the sufficiency of the evidence" in a patent-infringement case. *Meyer Intellectual Props.*, 690 F.3d at 1378. Thus, the Court will deny AACI's motion.

### M. Testimony of Frank Shea

AACI moves to exclude testimony from Frank Shea because Schwendimann did not disclose that Shea had potentially discoverable information pursuant to Fed. R. Civ. P. 26(a). In assessing whether a party's violation of Fed. R. Civ. P. 26(a) was harmless,

the Court examines: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012) (quotation omitted). The Court finds that there is little risk of surprise to AACI because Schwendimann identified Shea as a source of information in an interrogatory. (Niederluecke Decl. ¶ 23, Ex. 23 at 3.) The Court further finds that AACI has the ability to cure the prejudice through cross-examination of Shea, that the introduction of Shea's testimony would not disrupt the trial, and that, even if Schwendimann acted in bad faith in failing to disclose Shea, AACI may have been was negligent in not inquiring about Shea because Schwendimann's interrogatories disclose his importance to this case. Thus, the Court will deny AACI's motion.

## ORDER

Based on the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **GRANTS** Schwendimann's motion [Docket No. 477, 545] to exclude AACI from presenting any theory of non-infringement based upon its own patents. Schwendimann is entitled to a limiting instruction that the existence of AACI's patents does not constitute a defense to infringement of Schwendimann's patent.

2. The Court **DENIES** Schwendimann's motion [Docket No. 477, 488] to exclude AACI from presenting argument or testimony that AACI's 888 product's Solvent T-Shirt Inkjet Coating Layer is a single layer.

3. The Court **GRANTS** Schwendimann's motion [Docket No. 477, 526] to the extent that it seeks to exclude AACI from presenting arguments that Schwendimann is *per se* excluded from presenting her theory of lost profit damages as a matter of law. The Court **DENIES** Schwendimann's motion [Docket No. 477, 526] to the extent that it seeks to exclude evidence related to the issue of lost profits.

4. The Court **DENIES** Schwendimann's motion [Docket No. 477, 481] to exclude AACI from offering any testimony or argument that Schwendimann is not permitted to claim damages prior to July 6, 2010. The Court **GRANTS** AACI's motion [Docket No. 474, 490] to exclude evidence about any damages to Schwendimann prior to July 6, 2010. The Court concludes that Schwendimann is limited to arguing for damages from July 6, 2010 onward.

5. The Court **DENIES** Schwendimann's motion [Docket No. 477, 482] to exclude evidence regarding the Court's summary judgment order finding that Schwendimann infringed on the '093 Patent. Schwendimann is entitled to a limiting instruction that the jury may not use the Court's finding of infringement in determining whether Schwendimann infringed on the '214 Patent.

6. The Court **DENIES** Schwendimann's motion [Docket No. 477, 486] to exclude evidence about the anticipation of the '093 Patent by the '845 Application.

7. The Court **DENIES** Schwendimann's motion [Docket No. 477, 483] to exclude references to allegedly willful infringement by Schwendimann.

8. The Court **GRANTS** Schwendimann's motion [Docket No. 477, 480] to exclude evidence and testimony regarding Schwendimann's wealth and social status. The

Court's order does not prevent the parties from introducing evidence relevant to lost profit damages.

9. The Court **DENIES** AACI's motion [Docket No. 474, 476] to exclude evidence relating to lost profit damages and testimony from Donald Gorowsky regarding inexorable flow and his 80% alternative damages theory.

10. The Court **DENIES** AACI's motion [Docket No. 474, 485] to the extent it seeks to exclude evidence regarding the license between Cooler Concepts and MJ Solutions. The Court **GRANTS** AACI's motion [Docket No. 474, 485] to the extent it seeks to exclude evidence regarding the settlement agreement between Schwendimann and Océ.

11. The Court **DENIES** AACI's motion [Docket No. 474, 489] to exclude evidence regarding the outcome of the arbitration between AACI and MJ Solutions.

12. The Court **GRANTS** AACI's motion [Docket No. 474, 492] to exclude Schwendimann and Cooler Concepts' affirmative defenses of laches, estoppel, unclean hands, and intervening rights.

13. The Court **DENIES** AACI's motion [Docket No. 474, 493] to exclude evidence and argument regarding patents and patent applications that do not qualify as prior art.

14. The Court **DENIES** AACI's motion [Docket No. 474, 495] to exclude evidence and argument as to the invalidity of the '214 Patent and infringement of Schwendimann's patents under the doctrine of equivalents.

15. The Court **DEFERS** its ruling on AACI's motion [Docket No. 474, 498] with respect to testimony from Nabil Nasser and Jodi Schwendimann. The Court **DENIES** AACI's motion [Docket No. 474, 498] to the extent it seeks to exclude testimony from Donald Gorowsky about the expert reports of William Risen and Patrick McCane. The Court will prohibit either party from offering testimony from undisclosed experts.

16. The Court **DENIES** AACI's motion [Docket No. 474, 500] to exclude testimony regarding third-party infringement and the scope of Schwendimann's patent coverage.

17. The Court **DENIES** AACI's motion [Docket No. 474, 502] to exclude evidence and argument regarding The Sihl Group, Diatec Holdings, and The Sihl Group's acquisition by Equistone.

18. The Court **DENIES** AACI's motion [Docket No. 474, 504] to exclude testimony and argument regarding alleged copying by AACI.

19. The Court **DENIES** AACI's motion [Docket No. 547, 549] to exclude any testimony from Frank Shea.

DATED: September 25, 2017            s/John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                              Chief Judge
                                           United States District Court