UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JODI A. SCHWENDIMANN,<br>f/k/a JODI DALVEY,<br><br>    Plaintiff,<br><br>v.<br><br>ARKWRIGHT ADVANCED<br>COATING, INC.,<br><br>    Defendant.<br><br><br>ARKWRIGHT ADVANCED<br>COATING, INC.,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>JODI A. SCHWENDIMANN,<br>f/k/a JODI DALVEY and<br>COOLER CONCEPTS, INC.,<br><br>    Counterclaim Defendants. | Civil No.  11-820 (JRT/HB)<br><br>**MEMORANDUM OPINION<br>AND ORDER DENYING<br>MOTION FOR ATTORNEY FEES** |

David A. Davenport, Devan V. Padmanabhan, and Michelle E. Dawson, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN  55402, for Jodi A. Schwendimann and Cooler Concepts, Inc.

Katherine J. Rahlin, Kurt J. Niederluecke, and Laura L. Myers, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN  55402, for Arkwright Advanced Coating, Inc.

Plaintiff Jodi Schwendimann brought this patent-infringement action against Defendant Arkwright Advanced Coating, Inc. ("AACI"), alleging infringement of a number of patents related to dark T-shirt transfer technology. (Compl., Apr. 1, 2011, Docket No. 1.) In October 2017, the case proceeded to trial. The jury found that AACI infringed at least one claim of Schwendimann's patents and returned a verdict in favor of Schwendimann. (Am. J., Nov. 14, 2017, Docket No. 705.) The jury also found that AACI infringed willfully. (*Id.*) Schwendimann now moves for attorney fees. (Pl.'s Mot. for Attorney Fees, Nov. 6, 2017, Docket No. 694.) Because the Court will find that this case is not exceptional, it will deny Schwendimann's motion.

## DISCUSSION

The Court must decide whether to award Schwendimann attorney fees pursuant to 35 U.S.C. § 285. Schwendimann estimates that a fair estimate of her attorney fees and related nontaxable expenses is approximately $3.3 million. (Pl.'s Sealed Mem. Supp. Mot. for Attorney Fees ("Attorney Fees Supp.") at 35-36, Nov. 6, 2017, Docket No. 696.)

A court may award "reasonable attorney fees" to the prevailing party in a patent case when the case is "exceptional." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The court has discretion to award attorney fees on a case-by-case basis, considering the totality of the circumstances. *Id.*

In assessing the totality of the circumstances, courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Schwendimann provides a laundry list of "bad acts" committed by AACI that she argues warrant an award of attorney fees. The Court is unpersuaded that this case is exceptional under the totality of the circumstances. *Octane Fitness*, 134 S. Ct. at 1756.

First, Schwendimann argues that AACI acted in subjective bad faith, engaging in inappropriate litigation tactics to waste Schwendimann's time and money. (Attorney Fees Supp. at 22-27.) Indeed, a party's motive to harass or burden an opponent can warrant an award of attorney fees. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017). The Court finds that AACI's litigation conduct was reasonable. Schwendimann vastly overstates the nature of the facts that she contends constitute egregious litigation conduct. For example, Schwendimann argues that "AACI lied to the jury about its 889 product." (Attorney Fees Supp. at 23.) During opening statements, AACI's counsel stated that the CTM60 product was "essentially" the same as the 889 product. (*See* Trial Tr. Vol. I at 58:5-11, Nov. 27, 2017, Docket No. 760.) The Court finds that this statement was supported by the testimony of Melissa Jendzejec-Blanchard, who stated that AACI had not made significant changes in the CTM60 before selling as the 889 product. (Trial Tr. Vol. VI at 1152:21-24, Nov. 27, 2017, Docket No. 765.) However, the Court acknowledges that AACI's counsel misrepresented

Schwendimann's expert conclusions about infringement of the '093 patent. (*Cf.* Trial Tr. Vol. I 52:19-53:1 (mischaracterizing statements made by Schwendimann's expert).) However, the Court concludes that this misrepresentation was immaterial because the Court had already granted AACI's motion for summary judgment with respect to infringement of the '093 patent and AACI had an opportunity to cross-examine the expert. The Court therefore concludes that AACI's litigation conduct does not make this case exceptional.

Second, Schwendimann argues that AACI's claims and defenses were exceptionally meritless. (Attorney Fees Supp. at 28-31.) Again, the Court disagrees. AACI secured a grant of summary judgment with respect to infringement of the '093 patent. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 220 F. Supp. 3d 952, 962-63 (D. Minn. 2016). AACI also secured a grant of judgment as a matter of law on the issue of lost-profit damages. (Trial Tr. Vol. IX at 1917:2-23, Nov. 27, 2017, Docket No. 768.) Schwendimann's arguments all concern factual and credibility disputes best left to be resolved by the jury. Had the Court believed these claims or defenses indisputably meritless, it would have granted summary judgment or judgment as a matter of law at the appropriate time. While the jury ultimately found that these claims and defenses were meritless, the Court does not find that they were so exceptionally meritless as to warrant an award of attorney fees in this case.

Third, Schwendimann argues that AACI engaged in "unreasonable" conduct by ignoring rulings from the Court and engaging in willful infringement. AACI is correct that district courts "have tended to" award attorney fees in cases where there is a finding

of willful infringement. *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 200 (Fed. Cir. 1986). Although a finding of willful infringement may well support an award of attorney fees, it does not compel one. This case was a closer call on the issue of willful infringement than in many other cases and, therefore, the Court finds that willful infringement alone does not support a finding of exceptionality. (Trial Tr. Vol. VIII at 1835:22-25, Nov. 27, 2017, Docket No. 767 (describing the motion for judgment as a matter of law with respect to the claim of willful infringement as "somewhat close"). In light of the totality of the circumstances of this case, the Court concludes that the finding of willful infringement is insufficient to make this case exceptional.

Fourth and finally, the Court concludes that the jury's significant damages award is more than sufficient to deter AACI from future bad conduct. The Court does not believe that an attorney fees award is necessary for deterrence.

The Court has had a long and drawn-out opportunity to oversee the conduct of the parties in this case. Both parties engaged in excessive motion practice, dilatory tactics, and histrionic argumentation. For example, the issue of inexorable flow came before the Court three times before Schwendimann presented sufficient evidence at trial. Each time the Court warned Schwendimann about her burden, but the Court did not see an improvement in the briefing or the evidence submitted.[1] As another example, AACI's

---

[1] (Mem. Op. & Order on Mots. for Summ. J. at 32-38, Dec. 12, 2016, Docket No. 439 ("Here, Schwendimann chose not to provide 'contractual, structural or historical' evidence of inexorability, but rather rested on NuCoat's and Cooler Concept's tax statuses."); Mots. Hr'g Tr. at 41:12-42:6, Feb. 14, 2017, Docket No. 446 ("I will likely exclude that discussion if there is no discussion whatsoever of this broader rationale for the inexorable flow if it's not part of his

counsel placed his own human hair on the projector to demonstrate whether fibers would show on a white background.  (Trial Tr. Vol. V at 807:22-808:4, Nov. 27, 2017, Docket No. 764.)  That tactic may be exceptionable, but it is not exceptional in light of the fact that Schwendimann escalated the matter on redirect:  there was a notable pause in trial as Schwendimann's counsel tried to locate either AACI's counsel's hair or a pair of scissors with which to cut his own hair before settling on the use of a paper clip as a demonstrative.  (Trial Tr. Vol. V at 881:21-882:15, Nov. 27, 2017, Docket No. 764.)  This sort of upstaging was unnecessary and further delayed a nearly two-week trial.  Both parties are at fault for the length of litigation.

In sum, the Court finds – considering the totality of the circumstances – that this is not an exceptional case.  This case does not stand out "from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness*, 134 S. Ct. at 1756.  Accordingly, the Court will deny Schwendimann's Motion for Attorney Fees.

---

written report and unable to have been challenged at an earlier time."); Mem. Op. & Order on Mots. in Limine at 5, Sept. 25, 2017, Docket No. 598 ("Much of the evidence submitted to the Court thus far has related to the tax statuses of Schwendimann's companies, which the Court has previously found insufficient to establish inexorable flow.").)

-7-

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Jodi Schwendimann's Motion for Attorney Fees [Docket No. 694] is **DENIED**.

DATED: February 23, 2018  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court