**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JODI A. SCHWENDIMANN, f/k/a Jodi A. Dalvey, | Civil No. 11-820 (JRT/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR RECONSIDERATION** |
| ARKWRIGHT ADVANCED COATING, INC., | |
| Defendant. | |
| ARKWRIGHT ADVANCED COATING, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| JODI A. SCHWENDIMANN, f/k/a Jodi A. Dalvey and COOLER CONCEPTS, INC., | |
| Counterclaim Defendants. | |

---

Devan V. Padmanabhan, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for Jodi A. Schwendimann and Cooler Concepts, Inc.

Kurt J. Niederluecke, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for Arkwright Advanced Coating, Inc.

Plaintiff Jodi Schwendimann prevailed against Defendant Arkwright Advanced Coating, Inc. ("AACI") at her trial for patent infringement. Post-trial, the Court awarded prejudgment interest in the amount of $1,915,328.00. AACI then filed this request for reconsideration of the prejudgment interest award. Because prejudgment interest is normally awarded from the time of infringement to the time of judgment and should only be limited for good cause, the Court will deny the request.

## BACKGROUND

In October 2017, Plaintiff Jodi Schwendimann prevailed at trial against AACI for patent infringement. The jury determined that Schwendimann was entitled to $2,624,228.00 in damages. (Verdict, Oct. 20, 2017, Docket No. 678.)

Subsequently, Schwendimann filed a post-trial motion seeking to amend the judgment to include prejudgment interest. (Pl.'s Mot. to Amend J., Nov. 20, 2017, Docket No. 716.) In support of her motion, Schwendimann correctly noted that prejudgment interest is normally awarded in patent infringement cases and that the Court has wide discretion in choosing the applicable interest rate. (Pl.'s Mem. in Support at 2, 4, Nov. 20, 2017, Docket No. 718.) Schwendimann then argued for a 10% prejudgment interest rate, both because it reflected the Minnesota statutory interest rate found in Minn. Stat. § 549.09(b), and because the Court had recently used that rate in a similar patent case. (*Id.* at 4 (citing *Aug. Tech. Corp. v. Camtek, Ltd.*, No. 05-1396, 2015 WL 520546, at *8 (D. Minn. Feb. 9, 2015)).)

AACI, on the other hand, requested that the Court set the prejudgment interest rate at 1.42%, representing the middle of the Treasury bill rate and the prime rate. (Def.'s Opp'n at 2, Dec. 11, 2017, Docket No. 798.) AACI alternatively argued that, if the Court used the 10% rate found in § 549.09(b), then the Court should award prejudgment interest according to that statute's offer-counteroffer provision. (*Id.* at 9-10.) The offer-counteroffer provision of § 549.09(b) holds that:

> If either party serves a **written** offer of settlement, the other party may serve a written acceptance or a written counteroffer within 30 days. . . . The prevailing party shall receive interest on any judgment or award from the time of commencement of the action . . . until the time of verdict, award, or report only if the amount of its offer is closer to the judgment or award than the amount of the opposing party's offer. **If the amount of the losing party's offer was closer to the judgment or award than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment or award, whichever is less** . . . .

AACI claimed that it presented a settlement offer on September 27, 2017, of approximately $675,000, and that the offer ended up being closer to the jury award than Schwendimann's final offer of $8 million.[1] (Def.'s Opp'n at 9-10.) Thus, AACI contended that any prejudgment interest should be awarded not on the jury award of $2.62 million, but on AACI's $675,000 settlement offer.

In response, Schwendimann emphasized that § 549.09(b) was not controlling in this case and was only relevant as something that the Court could look to in its discretion to set an interest rate. Thus, Schwendimann reasoned that the other provisions of § 549.09(b) –

---

[1] AACI, however, did not state that its offer was written or otherwise point to it in the record. (Def.'s Opp'n at 9-10.)

such as the offer-counter provision – were not applicable.  Schwendimann alternatively argued that, even if the offer-counteroffer provision were applied, "AACI ha[d] **no writing** to offer in support of its arguments because it **never** made such a written offer." (Pl.'s Reply Mem. at 13, Dec. 21, 2017, Docket No. 860 (emphasis added).)  Schwendimann contended that AACI's settlement offer was merely "verbal" and that it did not contain "sufficiently clear and definite terms." (*Id.*)

The Court held that Schwendimann was entitled to prejudgment interest in the amount of $1,915,328, which reflected a 10% simple annual rate applied from July 6, 2010, to the date of judgment entry, applied to the jury's damages award.  (*See* Mem. Op. & Order at 50-53, 62, July 30, 2018, Docket No. 884.)  The Court decided 10% was an appropriate rate to use in part by looking at Minn. Stat. § 549.09(b) and determining that 10% would adequately place Schwendimann "in as good of a position as [s]he would have been in had [AACI] entered into a reasonable royalty agreement." (*Id.* at 52 (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).)  Further, the Court held that interest should be calculated based on the jury award both because, in general, "[p]rejudgment interest is awarded from the date of infringement to the date of judgment," and because, even if the offer-counteroffer provision of § 549.09 were applied, it appeared that AACI did not meet the writing requirement.  (*Id.* at 51-52.)

On August 2, 2018, AACI filed a Request to File a Motion for Reconsideration. (Mot. to Reconsider, Aug. 2, 2018, Docket No. 886.)  AACI noted that AACI's September 27, 2017 settlement offer actually was written, via email, and that the email was part of the record in this case, attached to AACI's initial opposition to Schwendimann's request for

prejudgment interest. (*Id.* at 2; Decl. of Laura L. Myers ¶ 27, Ex. Z, Dec. 11, 2017, Docket No. 808.) Seeking an explanation as to why Schwendimann previously proclaimed that AACI never made a written offer, the Court converted AACI's request into a Motion for Reconsideration and ordered Schwendimann to file a prompt response addressing whether the Court should limit the prejudgment judgment interest in accordance with § 549.09(b).[2] (Order, Aug. 3, 2018, Docket No. 887.)

## DISCUSSION

### I.    STANDARD OF REVIEW

A motion to reconsider under Local Rule 7.1(j) is granted only upon a showing of compelling circumstances. *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider after entry of judgment is "the functional equivalent of a motion to alter or amend the judgment." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). A Rule 59(e) motion "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (quoting *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Like a Rule 59(e) motion, a motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1347-48 (D. Minn. 1993). "Such motions cannot

---

[2] The Court also ordered Schwendimann's counsel to explain the factual basis for its assertions regarding the settlement offer. The Court is satisfied with Schwendimann's explanation.

be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

## II.  PREJUDGMENT INTEREST

The purpose of prejudgment interest in patent suits is to "ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Devex Corp.*, 461 U.S. at 655. With that in mind, "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Id.* at 657. A court may limit a prejudgment interest award, but a court's justification for doing so "must have some relationship to the award of prejudgment interest." *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 1558 (Fed Cir. 1986). The only recognized reason to withhold prejudgment interest is where "the patent owner has been responsible for undue delay" in enforcing its patent rights. *Devex Corp*. 461 U.S. at 657.

Here, there is no evidence that Schwendimann is responsible for undue delay in prosecuting her claim for patent infringement, and AACI has not argued as much. Instead, AACI bases its argument that the Court should limit the prejudgment interest award on the provisions found in Minnesota Statute § 549.09(b). AACI contends that—because the Court utilized the 10% interest rate found in that statute—the Court should, in its discretion, "apply the settlement offer limitation that goes hand in hand with the application of such a high interest rate." (Def.'s Reply at 4, Aug. 15, 2018, Docket No. 892.)

Because this is a federal patent case, Section 549.09(b) is not binding, and the Court will not exercise its discretion to apply the settlement offer limitation. While Minnesota has determined that the offer-counteroffer provision promotes settlement, federal courts applying federal patent law have never recognized that failure to settle constitutes undue delay for purposes of awarding prejudgment interest. Whatever policy principles are served by Minnesota's offer-counteroffer provision, they do not constitute a reason for limiting prejudgment interest in this case. AACI has not demonstrated that there are compelling reasons to amend the Court's award of prejudgment interest, the Court will deny AACI's Motion to Reconsider.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** AACI's Motion for Reconsideration [Docket No. 886] is **DENIED**.

DATED: September 21, 2018          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                     Chief Judge
                                       United States District Court